Butterfield *v.* Third Avenue Savings Bank.

BUTTERFIELD, appellant, and THE THIRD AVENUE SAVINGS BANK, respondent.

1. An order refusing to allow an answer to be amended does not so enter into a subsequent interlocutory decree deciding the merits, that it can be reviewed on an appeal from such interlocutory decree.

2. It is a matter for consideration, how far exceptions, taken on a *viva voce* hearing before the Vice-Chancellor, should be specified in the petition of appeal.

3. An answer which admits that a mortgage was executed to the complainant, a corporation, of "the purport and effect set forth in the bill," does not raise any issue as to the corporate existence of such complainant, or its capacity to take such mortgage.

*Mr. J. B. Vredenburg* and *Mr. I. W. Scudder*, for appellant.

*Mr. McCarter*, for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

The Third Avenue Savings Bank, a corporation created by the laws of New York, exhibited the bill in this case to foreclose a mortgage, given to it by one Anthony W. Dimock upon lands in this state. The appellant, Butterfield, who was a defendant in chancery, is the holder of a second mortgage on the same premises, given by the same person. In his answer, referring to the mortgage of the complainant, the defendant says, "that he admits that the said Dimock, etc., did make and execute an indenture of mortgage, of such date, and of such purport and effect, as in the complainant's said bill mentioned and set forth." This answer then denies that there is due to the complainant the principal sum mentioned in the said bond and mortgage, and alleges that a part

has been paid, and asks that a reference may be made so as to ascertain how much continues to be due.

Some time after the filing of this answer the defendant, Butterfield, applied to the Chancellor for leave to file a supplemental answer, on the ground that he had discovered, since putting in his defence, that, by reason of certain statutes of New York, the complainant, in making the loan to secure which the mortgage in suit was given, was acting *ultra vires.* The Chancellor refused to permit this defence to be put in by way of amendment, and there was no appeal directly from this determination. The case went then to hearing, the proofs being taken *viva voce,* before the Vice-Chancellor.

When the complainant offered his mortgage in evidence it was objected to on two grounds: first, that the corporate capacity of the complainant must be shown; and second, that its right to take a conveyance of real estate in New Jersey must also be made to appear. This exception being overruled, the defendant then offered to show, affirmatively, that the complainant was a corporation under the laws of New York, and by such laws was forbidden to loan money on the security of real estate in New Jersey. This offer was rejected, and the Vice-Chancellor proceeded to render a decree in favor of the validity of the mortgage of the complainant, and directed the usual reference to a master to ascertain the amount due, etc. From the interlocutory decree the defendant, Butterfield, took this appeal, and assigned in his petition the following ground, viz.: "That the said decree adjudges that the mortgage of the said complainant was and is an existing encumbrance on the mortgaged premises in the pleadings in the cause mentioned, prior to the defendant's mortgage, and that the defence of Frederick Butterfield is not a bar to the foreclosure, etc."

From this statement of the course of the proceedings in this case, I think it is clear, that the present appeal does not bring before this court the order of the Chancellor refusing permission to the defendant to put in a new or supplemental answer. That order, of course, had its effect upon the cause, and was

appealable in its nature; but as no appeal has been taken to it, and as it has not entered, in any wise, into the interlocutory decree which is here before this court, its propriety cannot now be reviewed. It is not always easy to decide whether an order or decree made in the progress of a cause has such an operation that it so affects and incorporates itself into a later decree as to become cognizable by this court when the latter has been placed before us by an appellate proceeding. But an order which simply regulates the proceedings, no matter how much such order may affect the conduct of the cause or the rights of the parties, does not seem to be embraced within this field of uncertainty. Such orders would manifestly seem to belong to that class which the statute requires shall be appealed, if at all, within forty days; and to hold that such orders are so carried into the subsequent decree as to become part of it, and appealable with it, would seem to annul this statutory restriction. It seems to me the proper rule was the one suggested in the case of *Terhune* v. *Colton*, 1 *Beas.* 318, which is thus stated : " That when the final decree involves the merits of the case, which had previously been settled by an interlocutory order, an appeal from the final decree, properly taken, brings the whole case before this court." That rule appears to give a reasonable effect to the requirement of the statute limiting the time for appeals to interlocutory orders, and at the same time permits the whole merits of the case to come up to this court after a final hearing in the Court of Chancery. The operation of this rule is, to shut out from the hearing before this court, in the present case, all question as to the equitable legality of the Chancellor's refusal to allow the defendant's answer to be amended.

But, although the defendant was not permitted to amend his answer in the particular in question, an attempt was made by him, on the trial before the Vice-Chancellor, to gain the same end by another method. He first insisted that the complainant must prove its corporate existence, and its capacity to take lands by way of mortgage in this state; and that effort failing, he offered to show that in making the loan

upon which the mortgage rested, the complainant acted in violation of the laws of New York.

It will be observed that in his petition of appeal, none of these objections to the decree are particularly assigned. The complaint, as therein stated, is in general form, that the complainant's mortgage is held to be a valid lien. One of the grounds of exception now advanced is, that the Vice-Chancellor would not admit evidence going to a certain point. Such generality of objection would scarcely seem to be a compliance with the rule of this court requiring the "grounds of appeal" to be stated. The purpose of this provision is obviously to require a notice to the opposite party, of the points in the proceeding which are to be made the subject of complaint in the appellate court, and an indefinite statement of this kind will certainly, in a scant measure, effect that purpose. It will, no doubt, often happen in these trials before the Vice-Chancellor, and which are such entire novelties in the equity practice in this state, that many matters will arise to which exception will be taken. How far such matters, so called in question, are to be pointed to in the petition of appeal, it will be for the practicers in the court to consider, and for this court, in the future, as the case may arise, to finally decide. At present, it is sufficient to say that as this mode of proceeding in this particular was altogether unsettled, the objections taken in the respects in question, will, on this occasion, be considered by the court, without regard to this point of form.

Looking, then, at the questions raised before the Vice-Chancellor, I think none of them are to be resolved in favor of the defendant. The answer did not put the complainant upon proof, either of its existence as a corporation, or as to its ability to make the loan and take the security in question. The bill set up a mortgage duly executed as a valid lien on the mortgaged premises. The answer expressly admitted the making of this mortgage, of such date and of "such purport and effect" as was set forth in the bill. This was necessarily an implied admission of the legal existence of the complain-

ant and its capacity to stand as mortgagee. The requisition of proof of the corporate existence or corporate capacity of a party, is usually a useless burthen, not to be imposed unless from the stringency of peremptory rules of pleading. Such proof will not be exacted unless made necessary by the form of the answer. This was the rule adopted recently, with respect to proceedings at law, by the Supreme Court in the case of the *Star Brick Company* v. *Risdale,* 7 *Vroom* 229.

It also seems to me that the ruling of the Vice-Chancellor, touching the offer of the defendant to prove that the complainant, in taking the mortgage in controversy, was acting in contravention of the laws of New York, was strictly correct. Such proof was not admissible, because it was not within any issue raised in the case. As has already appeared, the answer, so far from raising up any question on this point, expressly admits the original validity and legal effect of this instrument. It is not necessary to refer to authorities to show that the proofs must be confined to the contentions presented by the pleadings. Unless this be so, such pleadings are merely idle forms. Nor is there anything in the suggestion, that when it appears that an act has been done which is offensive to morals or public policy, a court will, *ex mero motu,* refuse to aid in its execution. The answer to this position is, that such fact does not appear in the present case, and cannot be made to appear, except by the violation of established modes of procedure. If it had come out on the part of the complainant, that in taking this mortgage, the laws of New York were violated, the question would have been presented, how far this court would have helped the consummation of the forbidden act; but there was no such disclosure on that side of the case, and when the defendant sought to introduce evidence to that effect, he was properly met with the bar, that in this endeavor he was going outside of the issues.

In my opinion, the decree appealed from should be affirmed, with costs.

Decree unanimously affirmed.